## NELS I. NIELSEN v. CEDAR COUNTY.

FILED DECEMBER 16, 1903.   No. 13,237.

1. **Rulings:** REVIEW. Certain rulings of the trial court rejecting offered testimony held to be reversible error.

2. **Witness:** IMPEACHMENT: INSTRUCTION. Where an effort has been made to impeach the plaintiff as a witness by showing that he has made statements elsewhere at variance with those made on the witness stand, and the jury are told: "You are instructed that if a witness in the case has at another time and place made statements, material to the issue in this case, at variance with his testimony while on the witness stand, before you, then you are at liberty to disregard the whole of such witness's testimony, except in so far as he is corroborated by other credible evidence," a verdict against the plaintiff will be set aside.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*James C. Robinson,* for plaintiff in error.

*R. J. Millard* and *F. E. Snyder, contra.*

GLANVILLE, C.

This is a proceeding in error seeking to reverse a judgment of the district court for Cedar county, dismissing plaintiff's action with costs against him. The parties stand here in the same relation as below, and will be designated as plaintiff and defendant. Plaintiff com-

menced an action in the county court of Cedar county which, after judgment, was taken to the district court on appeal, where a verdict was returned against him. The action was for damages alleged to have been occasioned by a defective culvert and fill, constituting a part of the public highway in that county, the defect causing plaintiff's buggy, in which himself and wife were riding, to be overturned while he was attempting to drive across the culvert in the main traveled road in the night-time. He claimed damages for injuries to his property, cost of medical attendance for his wife, and for loss of his wife's services. The action was brought within thirty days under section 117, chapter 78, Compiled Statutes (Annotated Statutes, 6135). Cedar county is not under township organization. The answer was a general denial.

It is urged that there is error in the rulings of the court rejecting certain offered testimony, and in certain instructions given to the jury.

The evidence shows that plaintiff's wife was injured by the fall when the buggy was overturned at the time and place stated in the petition; that plaintiff consulted a practicing physician and obtained medicine. The doctor visited Mrs. Nielsen, and was called upon by her, and he treated her for the injury and result of the injury. The error assigned is that testimony of the physician as to the value and amount of the services so rendered, offered by plaintiff, was ruled out. There is prejudicial error in this regard shown by the record, but, as the judgment must be reversed on other grounds, we will pass this assignment without further discussion. The error will undoubtedly be guarded against at another trial without more specific criticisms now.

The first instruction herein complained of, which was duly excepted to, is one which gave the jury a copy of section 117, chapter 78, Compiled Statutes (Annotated Statutes, 6135). This section forms the basis of plaintiff's right to recover for the damage alleged and, while parts of it have no application to the case on trial, we are disposed

to think there is no prejudicial error in giving the section in full.

Instruction numbered 5, assigned as error, defines the term "public highway" in accordance with section 3 of the same chapter. The culvert and fill where this injury occurred were, by the parties during the trial, stipulated to be a part of the public highway. The definition taken from the statute, though correct, was unnecessary. While we would not reverse this case because of the giving of this instruction alone, yet, when the jury had been told that the answer was a general denial, and that the burden was upon plaintiff to prove every material allegation contained in his petition, without any attempt to instruct them as to what allegations were material, this instruction might easily do harm. The plaintiff did not prove the culvert in question to be a part of such public highway, because of a stipulation to that effect. This instruction was calculated to lead the jury to suppose that such fact was still in issue, there being otherwise no possible need therefor.

A most serious complaint is made against instruction numbered 10, which reads as follows:

"You are instructed that if a witness in the case has at another time and place made statements, material to the issue in this case, at variance with his testimony while on the witness stand, before you, then you are at liberty to disregard the whole of such witness's testimony, except in so far as he is corroborated by other credible evidence."

The only fact appearing from the bill of exceptions upon which any instruction of this nature could be proper is that the plaintiff's testimony before the jury at this trial was sought to be discredited by testimony tending to prove that, upon presenting his claim to the county commissioners and also upon the trial of the cause in the county court, he had made statements which showed that he knew of the bad condition of the culvert in question, and had even directly admitted that he knew it was in a dangerous condition before he attempted to cross it on the night in question, and that such statements and admissions were at

variance with his testimony before the district court. We are of the impression that the preponderance of the testimony in this regard shows that his statements before the commissioners and before the county court were consistent with his last testimony, but there is some direct and positive evidence to the contrary. This instruction, therefore, had direct reference to plaintiff as a witness and to his testimony. That it is a gross misstatement of the law, and prejudicial to the plaintiff is too apparent to need argument. It allowed the jury to reject the plaintiff's entire testimony without even finding any of it false, when, before they may do so, they must find some of it false, and knowingly and wilfully false. In *Omaha & R. V. R. Co. v. Krayenbuhl,* 48 Neb. 553, it is held:

"The maxim, *falsus in uno, falsus in omnibus,* applies only where a witness has knowingly and wilfully testified falsely as to a matter of fact."

Defendant contends that the error is cured by instruction numbered 12, which reads:

"The jury are instructed that, in determining the question of fact in this case, they should consider the entire evidence introduced by the respective parties; but the jury are at liberty to disregard the statements of all such witnesses, if any there be, as have been successfully impeached, either by direct contradiction or proof of having made different statements at different times, or by proof of bad reputation for truth and veracity in the neighborhood in which they lived, except in so far as such witnesses have been corroborated by other credible evidence or by facts and circumstances proved on the trial. Still it is only in a case where it is palpable that a witness has intentionally and deliberately testified falsely as to some material matter, and is not corroborated by other evidence, that a jury is warranted in disregarding his or her entire testimony."

This instruction was also excepted to by plaintiff, and is assigned as error. The positive statement of bad law contained in instruction numbered 10 can not be cured by inconsistent or contradictory statements in other instruc-

tions. Such contradiction or inconsistency leaves the entire instructions uncertain, confusing and misleading, and liable to do all the damage that could be done by the positive bad statements standing alone. Instruction numbered 12 is also inconsistent with itself and is liable to confuse and mislead.

The record shows prejudicial error in the rejection of testimony and giving instructions, as above pointed out.

We therefore recommend that the judgment of the district court be reversed and a new trial awarded, and that the cause be remanded for further proceedings.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, a new trial awarded, and the cause is remanded for further proceedings.

REVERSED.